UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David Alan Metcalfe, | Case No.: 2:19-cv-01793-JAD-DJA |
| Plaintiff | |
| v. | **Order Screening Complaint, Granting Leave to Amend, and Denying Motion for Appointment of Counsel** |
| Brian E. Williams, et al., | |
| Defendants | [ECF No. 8] |

Plaintiff David Alan Metcalfe brings this civil-rights action under 42 U.S.C. § 1983 and claims that his rights under Fifth, Eighth, and Fourteenth Amendments were violated. Metcalfe also brings claims under the Americans with Disabilities Act, the Rehabilitation Act, and 42 USC §§ 1985 and 1986. Because Metcalfe applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. Upon screening, I find that Metcalfe's complaint violates the court's short-and-plain-statement rules, making it too difficult to screen, so I dismiss the complaint with instructions and leave to amend by April 15, 2021, and I deny Metcalfe's motion for appointment of counsel because he does not meet the standard for it.

**Discussion**

**A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are

---

[1] ECF No. 1.
[2] *See* 28 U.S.C. § 1915A(a).

frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[3] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[5] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[6] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more than mere labels and conclusions.[8] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[9] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

---

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id.*

**B.     Screening the Complaint**

Metcalfe filed a 50-page complaint with another 72 pages of exhibits.[11] Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief."[12] "Each allegation must be simple, concise, and direct."[13] "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[14] "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."[15]

The purpose of these rules is to simplify this process and provide the defendants adequate notice of what claims they must respond to. Metcalfe's 50-page complaint is not "short and plain," nor are his allegations "simple, concise or direct." Instead, the complaint is a rambling, jumbled narrative interspersed with legal conclusions that the defendants were deliberately indifferent to Metcalfe. At numerous points, the complaint simply directs the reader to refer to the numerous exhibits, rather than articulating specific factual allegations to support Metcalfe's claims. It is difficult to understand what claims Metcalfe is attempting to bring against which defendants, or whether there are specific facts supporting any particular claim.

Because Metcalfe's complaint as prepared violates the Federal Rules of Civil Procedure and is too difficult to allow the court to screen for claims, I dismiss the complaint in its entirety with leave to amend. If Metcalfe chooses to file an amended complaint, he must try to be far more concise and direct with his allegations. Metcalfe does not need to include legal arguments,

---

[11] ECF Nos. 1-1, 1-2.
[12] Fed. R. Civ. P. 8(a)(2).
[13] Fed. R. Civ. P. 8(d)(1).
[14] Fed. R. Civ. P. 10(b).
[15] *Id.*

3

as I will screen any amended complaint based on the factual allegations in the amended complaint. Metcalfe need only include such factual allegations as are necessary to state a claim on screening.

### C.     Leave to Amend

If Metcalfe chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[16] He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Metcalfe must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the amended complaint by April 15, 2021.**

### C.     Motion for Appointment of Counsel

I next turn to Metcalfe's request for court-appointed counsel. Like many prisoners who file civil-rights claims, Metcalfe asks the court to find and appoint a free lawyer.[17] A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights claims.[18] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional

---

[16] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[17] ECF No. 8.

[18] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

circumstances."[19]  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[20]  "Neither of these considerations is dispositive and instead must be viewed together."[21]  Because I do not find exceptional circumstances here, I deny the motion to appoint counsel.

### Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint [ECF No. 1-1]; **the complaint is dismissed in its entirety with leave to amend by April 15, 2021.**  If plaintiff fails to file an amended complaint curing the deficiencies outlined in this order by April 15, 2021, this action will be dismissed without prejudice and without further prior notice.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint and his exhibits (ECF Nos. 1-1, 1-2).  If plaintiff chooses to file an amended complaint, he must use this approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that the motion to appoint counsel **[ECF No. 8] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 2, 2021

---

[19] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).
[20] *Id.*
[21] *Id.*

5