UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David Alan Metcalfe,<br><br>    Plaintiff<br><br>v.<br><br>Brian E. Williams, et al.,<br><br>    Defendants | Case No.: 2:19-cv-01793-JAD-DJA<br><br>**Order Screening<br>Amended Complaint<br>and Denying Motion**<br><br>[ECF No. 12] |

On March 2, 2021, I screened plaintiff David Alan Metcalfe's complaint under 28 U.S.C. § 1915A.[1] I found that the complaint failed to comply with Federal Rule of Civil Procedure 8, which requires that a complaint must contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct."[2] I noted that Metcalfe had filed a 50-page complaint together with 72 pages of exhibits, and that the complaint was a rambling out of order narrative interspersed with legal conclusions and references to the 72 pages of exhibits. I dismissed the complaint in its entirety, without prejudice, and with leave to amend within 30 days.

Metcalfe has filed a first amended complaint (FAC).[3] He begins that FAC by stating that he condensed his complaint "due to undue influence by the Court Order" and that he was concerned about the outcome of the screening of the FAC because of the relatively short time to file the FAC.[4] The FAC appears to be primarily an attempt to shorten the initial complaint,

---

[1] ECF No. 9.
[2] Fed. R. Civ. P. 8.
[3] ECF No. 11
[4] *Id.* at 3.

without any attempt to add clarity. Metcalfe repeatedly refers to all of the defendants collectively, states that "all information on all claims are referenced here. Save space," and again repeatedly references to the exhibits rather than alleging facts to support his claims.[5] At the end of the FAC, Metcalfe simply states, "all information, on all claims, and exhibits are referenced here, and should be taken as a whole." The net result is that I cannot understand the basic facts underlying Metcalfe's claims.

As it appears that Metcalfe felt he was under undue pressure and did not have sufficient time to prepare the FAC, I do not accept the FAC as the operative complaint in this case. Instead, I give Metcalfe until October 1, 2021, to file a complete second amended complaint. Furthermore, I wish to clarify that, although I referenced the length of Metcalfe's initial complaint in my previous screening order, the biggest problem with his initial complaint was that it was rambling and out of order, leaving me unable to follow the factual allegations. As I noted in my previous order, the purpose of Federal Rule of Civil Procedure 8 is to give the defendants adequate notice of the claims that are being brought, and the facts underlying those claims.

In any second amended complaint, Metcalfe may use as many pages as he feels he needs to clearly state the facts of his case and the claims that he is bringing. Metcalfe should not feel pressured to omit important facts, but he need only include such factual allegations as are necessary to state a claim on screening, and he should strive to be as clear as possible in stating the facts of the case. Metcalfe does not need to include legal arguments, as I will screen any second amended complaint based on the factual allegations in the complaint. Furthermore, to the extent possible, Metcalfe should avoid referencing exhibits in the body of any second amended complaint. I will screen any second amended complaint based on the factual allegations within

---

[5] *Id.* at 17.

2

the complaint, not based on any attached exhibits. Thus, any second amended complaint should include specific factual allegations rather than general references to exhibits.

### C. Leave to Amend

If Metcalfe chooses to file a second amended complaint, he is advised that a second amended complaint replaces the original complaint, and any previous amended complaints, so the second amended complaint must be complete in itself.[6] He must file the second amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Second Amended Complaint." Metcalfe must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the amended complaint by October 1, 2021.**

## Motion for Correction

Metcalfe filed a motion indicating that he was not sure whether the law library included his entire FAC and all the attached exhibits.[7] The motion states that the FAC should include 22 pages, and that there should be another 70 pages of exhibits. The motion requests leave to correct the docket if there are any missing pages. The FAC does include 22 pages with another 70 pages of exhibits. Some of the pages are out of order, but they are numbered, and I was able to review them in the correct order. So I deny Metcalfe's motion as unnecessary.

---

[6] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[7] ECF No. 12.

**Conclusion**

IT IS THEREFORE ORDERED that plaintiff's motion to correct the FAC **[ECF No. 12] is DENIED**.

IT IS FURTHER ORDERED that I do not accept the FAC as the operative complaint in this case.

IT IS FURTHER ORDERED that if plaintiff wishes to file a complete second amended complaint, he must file the second amended complaint by October 1, 2021.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint and the FAC (ECF Nos. 1-1, 11). If plaintiff chooses to file a second amended complaint, he must use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption. If plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order by the deadline, this action will be dismissed without prejudice.

Dated: June 18, 2021

_____
U.S. District Judge Jennifer A. Dorsey